# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MYRIAM LEDEE, et al. | : | |
| | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. 15-7075 (FLW)(DEA) |
| | : | |
| v. | : | **REPORT & RECOMMENDATION** |
| | : | |
| FELIPE EXPRESS, et al. | : | |
| | : | |
| Defendants. | : | |

This matter comes before the Court by way of a motion by Plaintiffs Perfecto Hernandez and Lucia Hernandez ("Plaintiffs") to remand this case to the Superior Court of New Jersey. The Honorable Freda L. Wolfson, U.S.D.J. referred this motion to the undersigned for disposition. The Court considers Plaintiffs' motion without oral argument pursuant to L. Civ. R. 78.1(b). For the reasons below, it is recommended that Plaintiffs' motion be denied.

## I. BACKGROUND

This action arises from an automobile accident that occurred on March 6, 2015 in New Jersey. Plaintiffs were passengers in a vehicle that was involved in the accident. On August 17, 2015, Plaintiffs filed suit against several alleged tortfeasors and the insurer of the vehicle, 21st Century Centennial Insurance Company ("21st Century"), in the Superior Court of New Jersey. On August 29, 2015, 21st Century removed Plaintiffs' action to this Court based on diversity jurisdiction. Plaintiffs' action was captioned *Hernandez v. Santana*, Civil Action No. 15-7203.

A related action was filed in this Court on September 24, 2015 by 21st Century that was captioned *Ledee v. Felipe Express*, No. 15-7075 (the "*Ledee* Action"). In that case, 21st Century maintained that the policy allegedly covering the vehicle was procured fraudulently. On

December 9, 2015, the Judge Wolfson granted 21st Century's motion to consolidate Plaintiffs' action with the *Ledee* Action, and the consolidated action proceeded under the instant civil action number.

On January 7, 2017, 21st Century moved for summary judgment. As relevant to the present motion, on September 22, 2017, Judge Wolfson granted that motion and ordered (1) that the relevant policy of automobile insurance issued by 21st Century was void *ab initio*; and (2) that 21st Century was not obligated to provide insurance coverage to Plaintiffs. ECF Nos. 39-40.

Several months later, on January 3, 2018, Plaintiffs filed a motion seeking leave to file a Second Amended Complaint to add the New Jersey Property Liability Insurance Guaranty Association ("NJPLIGA"), a New Jersey entity, as a defendant. Plaintiffs also sought to remand the case, contending that the addition of NJPLIGA, a citizen of New Jersey, would destroy complete diversity. Judge Wolfson granted Plaintiffs' motion in part, allowing Plaintiffs to amend their Complaint. However, she denied that part of the motion seeking remand, finding that complete diversity of citizenship existed among the parties. *See* ECF No. 44.

## II. ANALYSIS

By way of the present motion, Plaintiffs again seek to remand this matter, this time arguing that the amount in controversy cannot be met and, therefore, the Court lacks subject matter jurisdiction. According to Plaintiffs, as a result of the adjudication of the claims by and against 21st Century, any potential recovery by Plaintiffs can no longer meet the $75,000 threshold. Plaintiffs contend that, because 21st Century has been found to bear no liability to Plaintiffs, Plaintiffs' ability to recover damages is now limited to what can be recovered from NJPLIGA, "the sole entity left in this action to provide compensatory damages".  ECF No. 57-1 at ¶ 18. Plaintiffs, citing N.J.S.A. 39:6-73, *et seq.*, state that any recovery from NJPLIGA is

statutorily capped at $15,000 per Plaintiff.[1] As such, Plaintiffs maintain that "this matter is incapable of reaching the amount in controversy requirement." *Id.*

A district court has subject matter jurisdiction over state law claims if there is complete diversity of citizenship between the parties[2] and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. A court evaluates the amount in controversy as of "the time that the complaint was filed," *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016), or, in the case of removal, "as of the date of removal," *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214 (3d Cir. 1999) (*abrogated on other grounds*, *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005)). It has been long-established that "events occurring subsequent to removal which reduce the amount recoverable … do not oust the district court's jurisdiction". *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293, 58 S. Ct. 586, 592, 82 L. Ed. 845 (1938). For example, "the subsequent dismissal or defeat of a plaintiff's claims does not retroactively divest the court of jurisdiction." *In re Paulsboro Derailment Cases*, 704 F. App'x 78, 84 (3d Cir. 2017); *see also Auto-Owners*, 835 F.3d at 395-96 ("Subsequent events cannot reduce the amount in controversy so as to deprive the district court of jurisdiction".); 14AA Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* (4th ed.) ("[E]ven if part of the plaintiff's claim is dismissed, for example, on a motion for summary judgment, thereby reducing the plaintiff's remaining claim below the requisite amount in controversy, the district court retains jurisdiction to adjudicate the balance of the claim.").

In accordance with this clearly established case law, Plaintiffs' motion must fail. Even if this litigation has progressed to a point where there is no longer a possibility for Plaintiffs to

---

[1] The Court makes no finding as to this allegation and will presume it to be true for the purposes of this motion.
[2] Judge Wolfson previously found that complete diversity of citizenship exists in this case. ECF No. 44.

recover an amount in excess of the jurisdictional threshold, the Court has not been divested of its jurisdiction to adjudicate this case. Accordingly,

**IT IS** on this 3rd day of August 2021

**RECOMMENDED** that Plaintiffs' motion to remand be DENIED; and it is further

**ORDERED** that pursuant to Fed. R. Civ. P. 72(b)(2) any party that has an objection to the proposed findings and recommendations set forth herein has 14 days after being served with a copy of this Report and Recommendation to file specific written objections.


*s/ Douglas E. Arpert*
DOUGLAS E. ARPERT
United States Magistrate Judge